## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| PUBLIC CITIZEN, INC., | ) | |
| 1600 20th St., NW | ) | |
| Washington, DC 20009 | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 17-1669 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES SECRET SERVICE, | ) | |
| 950 H St. NW | ) | |
| Washington, DC 20223, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.      This action is brought under the Freedom of Information Act (FOIA), 5 U.S.C.

§ 552, and the Administrative Procedure Act (APA), 5 U.S.C. §§ 702 & 706, to compel the

United States Secret Service (Secret Service), a component of the Department of Homeland

Security (DHS), to produce records responsive to FOIA requests for visitor logs and other

records documenting visitors to four agencies housed in the White House Complex—the Office

of Management and Budget (OMB), Office of Science and Technology Policy (OSTP), Office of

National Drug Control Policy (ONDCP), and Council on Environmental Quality (CEQ)—and to

compel the Secret Service to cease its policy or practice of withholding these records in violation

of FOIA.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

1

## PARTIES

3.      Plaintiff Public Citizen, Inc. is a non-profit public-interest organization with members nationwide. Since its founding in 1971, Public Citizen has worked before Congress, regulatory agencies, and the courts to advance the interests of its members and to educate the public on a wide range of consumer protection issues. In particular, Public Citizen works to promote openness in government and collects and disseminates information related to governmental actions and practices.

4.      Defendant Secret Service is an agency of the United States and has possession of and control over records documenting visitors to OMB, OSTP, ONDCP, and CEQ.

## STATEMENT OF FACTS

**Public Citizen's First FOIA Request (File Numbers 20171430–20171433)**

5.      On April 19, 2017, Public Citizen submitted a FOIA request to the Secret Service for copies of all visitor logs and other records documenting visitors to OMB, OSTP, ONDCP, and CEQ from January 20, 2017, through April 15, 2017. The request specified that the records it sought included "records from the Workers and Visitors Entry System (WAVES) and the Access Control Records System (ACR), as well as any other system used to track visitors to the White House Complex and/or above-listed agencies."

6.      By letter dated May 24, 2017, the Secret Service denied Public Citizen's request. The denial letter informed Public Citizen that the records it had requested were not "agency records subject to the FOIA," but were instead "governed by the Presidential Records Act, 44 U.S.C. 2201 et seq., and remain[ed] under the exclusive legal custody and control of the White House."

7.      By letter dated June 5, 2017, Public Citizen appealed the Secret Service's denial. The appeal letter explained that "the United States Court of Appeals for the District of Columbia Circuit has specifically held that records of visits 'to components of the White House Complex that are not part of [the Office of the President], and that are themselves 'agencies' covered by FOIA. . . . *are* 'agency records' subject to FOIA.' *Judicial Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 217 (D.C. Cir. 2013) (emphasis in original)." The letter also noted the D.C. Circuit's statements in *Judicial Watch*, 726 F.3d at 233-34, that such records "'plainly do not fall within the coverage of the Presidential Records Act'" and that "'the Secret Service may not withhold [visitor logs] that reveal visitors to those offices.'" Citing *Judicial Watch*, the letter explained that "OMB, OSTP, ONDCP, and CEQ are all components of the White House Complex that are not part of the Office of the President and are subject to FOIA," and, accordingly, "the Secret Service 'may not withhold [visitor logs] that reveal visitors to those offices,' and the requested records must be released."

8.      By letter dated July 10, 2017, the Secret Service denied Public Citizen's appeal, asserting three identical reasons for the denial of records pertaining to each of the four agencies: First, the Secret Service stated that the "WAVES records and ACRs are governed by the Presidential Records Act (PRA) . . . and remain under the exclusive custody and control of the White House to the extent that a particular White House office is subject to the PRA and not subject to FOIA." Second, the Secret Service stated that "the Secret Service does not maintain WAVES post-visit records . . . for the time period of your request, as such records are transferred to the White House Office of Records Management (WHORM) on a regular and continuing basis." Third, the Secret Service stated that if it did still possess such records, it "has no ability to

discern from WAVES records whether a visitor is making a visit to an individual employed by a PRA component or an individual employed by a FOIA component."

**Public Citizen's Second FOIA Request**

9.      On June 5, 2017, Public Citizen submitted a FOIA request to the Secret Service for copies of all visitor logs and other records documenting visitors to OMB, OSTP, ONDCP, and CEQ from April 16, 2017, through May 31, 2017. The request specified that the records it sought included "records from the Workers and Visitors Entry System (WAVES) and the Access Control Records System (ACR), as well as any other system used to track visitors to the White House Complex and/or above-listed agencies."

10.      Public Citizen has not received a response to its June 5, 2017, request.

11.      Under 5 U.S.C. § 552(a)(6)(A)(i), the Secret Service had 20 working days to respond to Public Citizen's June 5, 2017, request. More than 20 working days have passed since Public Citizen submitted the request, and the Secret Service has not responded.

**Public Citizen's Third FOIA Request**

12.      On July 17, 2017, Public Citizen submitted a FOIA request to the Secret Service for copies of all visitor logs and other records documenting visitors to OMB, OSTP, ONDCP, and CEQ from June 1, 2017, through July 15, 2017. The request specified that it included "records from the Workers and Visitors Entry System (WAVES) and the Access Control Records System (ACR), as well as any other system used to track visitors to the White House Complex and/or above-listed agencies."

13.      Under 5 U.S.C. § 552(a)(6)(A)(i), the Secret Service had 20 working days to respond to Public Citizen's July 17, 2017, request. More than 20 working days have passed since Public Citizen submitted the request, and the Secret Service has not responded

**FIRST CAUSE OF ACTION**
**(FOIA – Failure to Disclose Visitor Logs and Other Records)**

14.     Public Citizen has exhausted all administrative remedies with respect to its April

19, 2017, June 5, 2017, and July 17, 2017, FOIA requests to the Secret Service for visitor logs

and other records documenting visitors to OMB, OSTP, ONDCP, and CEQ.

15.     Public Citizen has a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(A), to the

records it requested, and there is no legal basis for the Secret Service's failure to disclose them.

**SECOND CAUSE OF ACTION**
**(FOIA– Policy or Practice of Withholding Visitor Logs and Other Records)**

16.     Public Citizen has submitted three FOIA requests to the Secret Service for copies

of visitor logs and other records documenting visitors to OMB, OSTP, ONDCP, and CEQ, and it

plans to continue regularly submitting FOIA requests to the Secret Service for copies of visitor

logs and other records documenting visitors to OMB, OSTP, ONDCP, and CEQ.

17.     Public Citizen has a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(A), to the

release of visitor logs and other records documenting visitors to OMB, OSTP, ONDCP, and

CEQ in response to its FOIA requests for such records.

18.     The Secret Service's May 24, 2017, response to Public Citizen's April 19, 2017,

FOIA request, and its July 10, 2017, denial of Public Citizen's appeal, demonstrate a policy or

practice of withholding copies of visitor logs and other records documenting visitors to OMB,

OSTP, ONDCP, and CEQ.

19.     The Secret Service's policy or practice of withholding copies of visitor logs and

other records documenting visitors to OMB, OSTP, ONDCP, and CEQ is further demonstrated

by a letter filed by the parties in *Doyle, et al. v. DHS*, No 17 Civ. 2542 (S.D.N.Y., filed Apr. 10,

2017). That case challenges the agency's failure to respond to FOIA requests seeking all

WAVES and ACR records from January 20, 2017, through March 8, 2017, which includes WAVES and ACR records of visits to OMB, OSTP, ONDCP, and CEQ. In that letter, DHS stated its position that "the WAVES and ACR records . . . "are not 'agency records' subject to FOIA." Letter to the Honorable Katherine Polk Failla, *Doyle*, Doc. 22, at 2 (S.D.N.Y., filed July 6, 2017).

20.     The Secret Service's policy or practice of withholding visitor logs and other records documenting visitors to OMB, OSTP, ONDCP, and CEQ results in repeated violations of FOIA and constitutes an ongoing failure to abide by the statute.

21.     Public Citizen has been and will continue to be harmed by the Secret Service's unlawful policy and practice because it impairs Public Citizen's right to access visitor logs and other records documenting visitors to OMB, OSTP, ONDCP, and CEQ.

## THIRD CAUSE OF ACTION
### (APA– Policy or Practice of Withholding Visitor Logs and Other Records)

22.     The Secret Service's policy or practice of withholding visitor logs and other records documenting visitors to OMB, OSTP, ONDCP, and CEQ constitutes agency action that is arbitrary and capricious and not in accordance with law, 5 U.S.C. § 706.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

(1) Declare that the Secret Service's withholding of the requested records is unlawful;

(2) Order the Secret Service to make the requested records available to Plaintiff;

(3) Declare that the Secret Service's policy or practice of withholding visitor logs and other records documenting visitors to OMB, OSTP, ONDCP, and CEQ is unlawful;

(4) Enjoin the Secret Service from withholding visitor logs and other records documenting visitors to OMB, OSTP, ONDCP, and CEQ in response to Plaintiff's pending and future FOIA requests seeking such records.

(5) Award Plaintiff its costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E) and the Equal Access to Justice Act, 28 U.S.C. § 2412, as applicable; and

(6) Grant such other and further relief as this Court may deem just and proper.

Dated: August 17, 2017

Respectfully submitted,

/s/ Adina H. Rosenbaum
Adina H. Rosenbaum
(D.C. Bar No. 490928)
Patrick D. Llewellyn
(D.C. Bar No. 1033296)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Plaintiff*