**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ | ) |
| | ) |
| PUBLIC CITIZEN, INC., | ) |
| | ) |
|           Plaintiff, | )     Civil Action No. 17-1669 |
| | ) |
|           v. | ) |
| | ) |
| UNITED STATES SECRET SERVICE, | ) |
| | ) |
|           Defendant. | ) |
| _____ | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**MOTION FOR A TEMPORARY RESTRAINING ORDER**
**AND PRELIMINARY INJUNCTION**

This case concerns access to visitor logs documenting visitors to four agencies within the White House Complex that are subject to the Freedom of Information Act (FOIA). In *Judicial Watch, Inc. v. United States Secret Service*, 726 F.3d 208, 233-34 (D.C. Cir. 2013), the D.C. Circuit held that "the Secret Service may not withhold [visitor logs] that reveal visitors to those offices within the White House Complex that are themselves subject to FOIA." Such records, it explained, "are 'agency records' subject to disclosure," and "plainly do not fall within the coverage of the Presidential Records Act." *Id.* at 211, 233.

Nonetheless, when plaintiff Public Citizen submitted a FOIA request on April 19, 2017, to the Secret Service for visitor logs and other records documenting visitors from January 20 through April 15, 2017, to the Office of Management and Budget (OMB), Office of Science and Technology Policy (OSTP), Office of National Drug Control Policy (ONDCP), and Council on Environmental Quality (CEQ)—four agencies identified in *Judicial Watch* as being subject to FOIA, *see* 726 F.3d at 232 & n.28—the Secret Service denied the request, stating that the requested records were not "agency records subject to the FOIA," but were instead "governed by

the Presidential Records Act." Rosenbaum Decl., Ex. B. When Public Citizen administratively appealed, the Secret Service denied the appeal, stating, among other things, that it "does not maintain [visitor logs] for the time period of your request, as such records are transferred to the White House Office of Records Management (WHORM) on a regular and continuing basis." *Id*. Ex. D.

On August 17, 2017, Public Citizen brought this lawsuit challenging the Secret Service's denial of its April 19 request, along with the Secret Service's constructive denial of FOIA requests for visitor logs documenting visits to OMB, OSTP, ONDCP, and CEQ from April 16 through May 31, 2017, and June 1 through July 15, 2017, and the Secret Service's policy or practice of withholding visitor logs documenting visitors to the four agencies. Given that the D.C. Circuit has already held that the "Secret Service may not withhold" logs of visits to agencies such as OMB, OSTP, ONDCP, and CEQ, Public Citizen is very likely to succeed on the merits of its claims. However, because the WHORM is not subject to FOIA, Public Citizen will likely be unable to obtain the requested records at the conclusion of this lawsuit if the Secret Service transfers them to WHORM during the course of this lawsuit, as it claims already to have transferred the records responsive to Public Citizen's April 19 request. Accordingly, this Court should order the Secret Service to maintain a copy of all visitor logs and other records documenting visitors to OMB, OSTP, ONDCP, and CEQ from January 20, 2017, forward until this lawsuit is resolved.

## BACKGROUND

Public Citizen, Inc. is a non-profit public interest organization with members nationwide. Since its founding in 1971, Public Citizen has worked before Congress, regulatory agencies, and the courts to advance the interests of its members and to educate the public on a wide range of

consumer protection issues. In particular, Public Citizen works to promote openness in government and collects and disseminates information related to governmental actions and practices. *See* Rosenbaum Decl. ¶ 2.

On April 19, 2017, Public Citizen submitted a FOIA request to the Secret Service for copies of all visitor logs and other records documenting visitors to OMB, OSTP, ONDCP, and CEQ from January 20, 2017, through April 15, 2017. The request specified that it included "records from the Workers and Visitors Entry System (WAVES) and the Access Control Records System (ACR), as well as any other system used to track visitors to the White House Complex and/or above-listed agencies." *Id.*, Ex. A.

By letter dated May 24, 2017, the Secret Service denied Public Citizen's request, stating that the requested records were not "Secret Service agency records subject to the FOIA," but were instead "governed by the Presidential Records Act, 44 U.S.C. 2201 et seq., and remain[ed] under the exclusive legal custody and control of the White House." Rosenbaum Decl., Ex. B.

Public Citizen administratively appealed the denial on June 5, 2017, explaining that "the United States Court of Appeals for the District of Columbia Circuit has specifically held that records of visits 'to components of the White House Complex that are not part of [the Office of the President], and that are themselves 'agencies' covered by FOIA. . . . . *are* 'agency records' subject to FOIA.' *Judicial Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 217 (D.C. Cir. 2013) (emphasis in original)." Rosenbaum Decl., Ex. C. Citing *Judicial Watch*, the appeal letter explained that "OMB, OSTP, ONDCP, and CEQ are all components of the White House Complex that are not part of the Office of the President and are subject to FOIA," and that, accordingly, "the Secret Service 'may not withhold [visitor logs] that reveal visitors to those

offices,' and the requested records must be released." *Id.* (quoting *Judicial Watch*, 726 F.3d at 233-34).

By letter dated July 10, 2017, the Secret Service denied Public Citizen's appeal of the denial of its April 19, 2017, FOIA request. The denial letter stated that "WAVES records and ACRs are governed by the Presidential Records Act (PRA) . . . and remain under the exclusive custody and control of the White House to the extent that a particular White House office is subject to the PRA and not subject to FOIA." *Id.*, Ex. D. It asserted that the Secret Service could not discern responsive from non-responsive visitor logs. Finally, and most significantly for the purposes of this motion, it stated that "the Secret Service does not maintain WAVES post-visit records . . . for the time period of your request, as such records are transferred to the [WHORM] on a regular and continuing basis." *Id.* "Therefore," it concluded, "the Secret Service maintains no records responsive to your request, and your appeal in regard to this request is denied." *Id.*

On June 5, 2017, and July 17, 2017, Public Citizen submitted FOIA requests to the Secret Service for copies of all visitor logs and other records documenting visitors to OMB, OSTP, ONDCP, and CEQ from April 16 through May 31, 2017, and June 1 through July 15, 2017, respectively. *See* Rosenbaum Decl., Exs. E & F. On August 17, 2017, Public Citizen filed this lawsuit challenging the Secret Service's denial of its April 19, 2017, FOIA request, constructive denial of its June 5, 2017, and July 17, 2017, FOIA requests, and policy or practice of withholding visitor logs and other records documenting visitors to OMB, OSTP, ONDCP, and CEQ.

## ARGUMENT

Preliminary equitable relief serves "to preserve the status quo pending the outcome of litigation." *Cobell v. Kempthorne*, 455 F.3d 301, 314 (D.C. Cir. 2006) (citation omitted). "[T]he

same standard applies to both temporary restraining orders and to preliminary injunctions." *Hall v. Johnson*, 599 F. Supp. 2d 1, 6 n. 2 (D.D.C. 2009). To obtain either form of relief, the moving party "must make a clear showing that four factors, taken together, warrant relief: likely success on the merits, likely irreparable harm in the absence of preliminary relief, a balance of the equities in its favor, and accord with the public interest." *League of Women Voters of U.S. v. Newby*, 838 F.3d 1, 6 (D.C. Cir. 2016) (internal quotation marks and citations omitted) (discussing standard for preliminary injunction). In this case, all four factors weigh in favor of a temporary restraining order (TRO) and preliminary injunction requiring the Secret Service to maintain a copy of the records at issue in this case until the litigation is resolved.

## I.     Public Citizen is likely to succeed on the merits.

Public Citizen's claims on the merits are straightforward. The complaint alleges that the Secret Service is violating FOIA by withholding visitor logs and other records documenting visitors to OMB, OSTP, ONDCP, and CEQ, and by implementing a policy or practice of withholding visitor logs and other records documenting visitors to the four agencies. The resolution of these claims is governed by *Judicial Watch,* 726 F.3d 208, in which the D.C. Circuit held that, "subject to any applicable exemptions, the Secret Service may not withhold [visitor logs] that reveal visitors to those offices within the White House Complex that are themselves subject to FOIA," such as OMB, OSTP, ONDCP, and CEQ.  *Id*. at 233-34, 232 & n.28. Because Public Citizen has requested records that the D.C. Circuit has already determined may not be withheld, Public Citizen has a substantial likelihood of success on the merits of its claim that the Secret Service unlawfully withheld records. Moreover, because the Secret Service is implementing a "policy or practice that … results in a repeated violation of FOIA," *Am. Ctr. for Law & Justice v. U.S. Dep't  of State*, __ F. Supp. 3d __, 2017 WL 1377909, at *4 (D.D.C.

Apr. 17, 2017), and because Public Citizen intends to continue submitting FOIA requests for visitor logs and other records documenting visitors to the four agencies and will therefore be harmed by the agency's repeated violation of FOIA, *see* Rosenbaum Decl. ¶ 11, Public Citizen has a substantial likelihood of success on its pattern or practice claim.

## II.     Public Citizen will suffer irreparable harm if the Secret Service continues to transfer records of agencies subject to FOIA to the White House Office of Records Management.

"The party seeking a preliminary injunction must make two showings to demonstrate irreparable harm. First, the harm must be 'certain and great,' 'actual and not theoretical,' and so 'imminen[t] that there is a clear and present need for equitable relief to prevent irreparable harm.'" *League of Women Voters*, 838 F.3d at 7-8 (citations omitted). "Second, the harm 'must be beyond remediation.'" *Id.* (citation omitted).

In *Citizens for Responsibility & Ethics in Washington (CREW) v. Office of Administration*, this Court explained that the plaintiff "would suffer irreparable harm if it were to prevail on appeal but could not ultimately access the documents responsive to its FOIA request because they had not been preserved." 565 F. Supp. 2d 23, 30 (D.D.C. 2008); *see also Landmark Legal Found. v. EPA*, 910 F. Supp. 2d 270, 279 (D.D.C. 2012) (explaining that the plaintiff "would be irreparably harmed by the destruction of responsive records," but finding no indication that agency would destroy records). Public Citizen will suffer this same irreparable harm if the Secret Service transfers or destroys the records at issue in this lawsuit without preserving a copy: It will not be able to access the records if it prevails.

This harm to Public Citizen's rights under FOIA is not only imminent, it may have already begun: The Secret Service's July 10 denial of Public Citizen's administrative appeal of its April 19 FOIA request stated that the Secret Service had *already* transferred responsive WAVES records to the WHORM. Moreover, in the past, the Secret Service has transferred

WAVES records to the WHORM as often as every thirty to sixty days. *See Judicial Watch*, 726 F.3d at 212. Accordingly, and given the timeframe within which the Secret Service apparently transferred records responsive to the April 19 request, Public Citizen anticipates that, absent a court order requiring the Secret Service to maintain a copy of the records, the agency will transfer records responsive to the June 6 and July 17 requests imminently. Moreover, Public Citizen intends to continue making regular requests for visitor logs and other records documenting visits to the four agencies at issue and expects that, absent an order, the Secret Service will transfer records responsive to future requests to the WHORM before this litigation is resolved.

That the records are the subject of FOIA requests will not ensure that the Secret Service maintains a copy of them. Some of the records requested by Public Citizen in its April 19 request were only a few days old when Public Citizen requested them and thus were almost certainly still in the Secret Service's possession when the agency received the FOIA request. By the time of the Secret Service's July 10 denial of Public Citizen's appeal of the denial of the request, however, the Secret Service had, according to its denial letter, already transferred the records to the WHORM. *See* Rosenbaum Decl., Ex. D. Thus, the Secret Service apparently transferred the records during the course of the administrative process.

Likewise, that Public Citizen has now filed suit over the records will not ensure that the agency retains a copy of them. Some of the records requested in Public Citizen's April 19 request—specifically, WAVES and ACR records from January 20 through March 8, 2017—are among the records requested in the FOIA requests at issue in *Doyle, et al. v. DHS*, No 17 Civ. 2542 (S.D.N.Y., filed Apr. 10, 2017). *See* Rosenbaum Decl., Ex. G. When Public Citizen submitted its April 19 request, the plaintiffs in *Doyle* had already filed suit over their requests.

Nonetheless, according to its July 10 denial letter, the Secret Service transferred the requested records to the WHORM.

Because the WHORM is not itself subject to FOIA, Public Citizen will be unable to obtain the records through FOIA if the Secret Service irrevocably transfers them to the WHORM without preserving a copy, even if this Court rules that the Secret Service erred in failing to release the records in the first place. *See Kissinger v. Reporters Comm. for Freedom of Press*, 445 U.S. 136, 139 (1980) ("[E]ven if a document requested under FOIA is wrongfully in the possession of a party not an 'agency,' . . . the federal courts have no authority to order the production of such records under FOIA."); *CREW  v. Office of Admin.*, 593 F. Supp. 2d 156, 163 (D.D.C. 2009) (stating that, if the defendant agency transferred records to the National Archives and Records Administration (NARA) while the case was on appeal, the court would be "without authority to order NARA or the Archivist to return those records to [the agency] if the D.C. Circuit determines the documents are, in fact, subject to the FOIA"). Accordingly, "a court order requiring [the agency] . . . to maintain the records at issue is appropriate to guard against the grave harm [Public Citizen] would face if it ultimately prevailed . . .  but could not access all records responsive to its FOIA requests." *Id*.

### III.    The balance of equities weighs in favor of requiring the Secret Service to maintain copies of the records at issue during this litigation.

In balancing the equities, the Court must "consider the effect on each party of the granting or withholding of the requested relief." *Tex. Children's Hosp. v. Burwell*, 76 F. Supp. 3d 224, 245 (D.D.C. 2014) (quotation marks and citations omitted). Where an injunction "will not substantially injure other interested parties," the balance of equities tips in plaintiff's favor. *League of Women Voters*, 838 F.3d at 12 (internal quotation marks and citation omitted).

As explained above, Public Citizen will suffer irreparable harm in the absence of an injunction. In comparison, any burden that the requested injunction would place on the Secret Service would be quite small. In the past, the Secret Service has, as a result of ongoing litigation, followed a records-retention policy similar to what would be required under the requested order. Specifically, for a period beginning in 2004 and continuing through at least 2010 the Secret Service retained copies of WAVES and ACR records that it transferred to the WHORM. *See Judicial Watch*, 726 F.3d at 213. This retention policy was instituted "due in part to then-pending litigation." *Id.* The Secret Service's past practice of retaining copies of records demonstrates that it undoubtedly has the capacity to maintain potentially responsive WAVES and ACR records and that it could do so with little effort. Under the procedure that was in place from 2004 through at least 2010, the Secret Service preserved the records simply by retaining copies of the records on compact discs. *Id.*

## IV.    The public interest in disclosure under FOIA would be protected by an order guaranteeing that records will not be transferred or destroyed.

The public interest also strongly favors preservation of WAVES records while the court resolves the merits of the case.

FOIA is "a means for citizens to know what their Government is up to." *NARA v. Favish*, 541 U.S. 157, 171 (2004) (internal quotation marks and citation omitted). In designing the act, Congress intended "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976) (quotation marks and citation omitted). FOIA's basic purpose is "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).

9

As this Court has recognized in the FOIA context, where there is "a danger that the [the agency] might destroy responsive records, the public interest would certainly be furthered by an order compelling preservation." *Landmark Legal Found*., 910 F. Supp. 2d at 280. If the records at issue in this case are irretrievably transferred or destroyed during the course of the litigation, the public will not be able to obtain them even if Public Citizen's statutory right to the records is vindicated through this litigation. Records about who met with officials at OMB, OSTP, ONDCP, and CEQ will remain under the "veil of administrative secrecy," *Rose*, 425 at 361, depriving the public of the ability to learn about the government's activities.

In contrast, even if the records were properly withheld under FOIA, *but see Judicial Watch*, 726 F.3d at 233-34, the public interest will not be harmed by an order requiring the Secret Service to preserve the records until this case is resolved. The public interest uniformly supports the preservation of records so that this Court may determine whether the records should be released.

## CONCLUSION

This Court should grant plaintiff's motion for a temporary restraining order and preliminary injunction and order the Secret Service to maintain a copy of all visitor logs and other records documenting visitors to OMB, OSTP, ONDCP, and CEQ from January 20, 2017, forward until this lawsuit is resolved.

Dated: August 17, 2017                    Respectfully submitted,

                                          /s/ Adina H. Rosenbaum
                                          Adina H. Rosenbaum
                                          (D.C. Bar No. 490928)
                                          Patrick D. Llewellyn
                                          (D.C. Bar No. 1033296)
                                          Public Citizen Litigation Group
                                          1600 20th Street NW
                                          Washington, DC 20009
                                          (202) 588-1000

                                          *Counsel for Plaintiff Public Citizen, Inc.*