**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

PUBLIC CITIZEN, INC.,
1600 20th St., NW
Washington, DC 20009

Plaintiff,

v.

UNITED STATES SECRET SERVICE,
950 H St. NW
Washington, DC 20223,

Defendant.

Civil Action No. 17-1669

**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. This action is brought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Administrative Procedure Act (APA), 5 U.S.C. §§ 702 & 706, to compel the United States Secret Service (Secret Service), a component of the Department of Homeland Security (DHS), to produce records responsive to FOIA requests for visitor logs and other records documenting visitors to four agencies housed in the White House Complex—the Office of Management and Budget (OMB), Office of Science and Technology Policy (OSTP), Office of National Drug Control Policy (ONDCP), and Council on Environmental Quality (CEQ). The action also seeks to compel the Secret Service to cease its policy or practice of withholding these records in violation of FOIA and a declaration that the Secret Service's policy or practice of destroying its copy of these records is arbitrary, capricious, and contrary to the Federal Records Act (FRA).

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B). Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

3.      Plaintiff Public Citizen, Inc. is a non-profit public-interest organization with members nationwide. Since its founding in 1971, Public Citizen has worked before Congress, regulatory agencies, and the courts to advance the interests of its members and to educate the public on a wide range of consumer protection issues. In particular, Public Citizen works to promote openness in government and collects and disseminates information related to governmental actions and practices.

4.      Defendant Secret Service is an agency of the United States and has possession of and control over records documenting visitors to OMB, OSTP, ONDCP, and CEQ.

## STATEMENT OF FACTS

**Public Citizen's First FOIA Request (File Numbers 20171430–20171433)**

5.      On April 19, 2017, Public Citizen submitted a FOIA request to the Secret Service for copies of all visitor logs and other records documenting visitors to OMB, OSTP, ONDCP, and CEQ from January 20, 2017, through April 15, 2017. The request specified that the records it sought included "records from the Workers and Visitors Entry System (WAVES) and the Access Control Records System (ACR), as well as any other system used to track visitors to the White House Complex and/or above-listed agencies."

6.      By letter dated May 24, 2017, the Secret Service denied Public Citizen's request. The denial letter informed Public Citizen that the records it had requested were not "agency records subject to the FOIA," but were instead "governed by the Presidential Records Act, 44

U.S.C. 2201 et seq., and remain[ed] under the exclusive legal custody and control of the White House."

7.  By letter dated June 5, 2017, Public Citizen appealed the Secret Service's denial. The appeal letter explained that "the United States Court of Appeals for the District of Columbia Circuit has specifically held that records of visits 'to components of the White House Complex that are not part of [the Office of the President], and that are themselves 'agencies' covered by FOIA. . . . *are* 'agency records' subject to FOIA.' *Judicial Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 217 (D.C. Cir. 2013) (emphasis in original)." The letter also noted the D.C. Circuit's statements in *Judicial Watch*, 726 F.3d at 233-34, that such records "'plainly do not fall within the coverage of the Presidential Records Act'" and that "'the Secret Service may not withhold [visitor logs] that reveal visitors to those offices.'" Citing *Judicial Watch*, the letter explained that "OMB, OSTP, ONDCP, and CEQ are all components of the White House Complex that are not part of the Office of the President and are subject to FOIA," and, accordingly, "the Secret Service 'may not withhold [visitor logs] that reveal visitors to those offices,' and the requested records must be released."

8.  By letter dated July 10, 2017, the Secret Service denied Public Citizen's appeal, asserting three identical reasons for the denial of records pertaining to each of the four agencies: First, the Secret Service stated that the "WAVES records and ACRs are governed by the Presidential Records Act (PRA) . . . and remain under the exclusive custody and control of the White House to the extent that a particular White House office is subject to the PRA and not subject to FOIA." Second, the Secret Service stated that "the Secret Service does not maintain WAVES post-visit records . . . for the time period of your request, as such records are transferred to the White House Office of Records Management (WHORM) on a regular and continuing

basis." Third, the Secret Service stated that if it did still possess such records, it "has no ability to discern from WAVES records whether a visitor is making a visit to an individual employed by a PRA component or an individual employed by a FOIA component." The Secret Service concluded that "the Secret Service maintains no records responsive to your request, and your appeal in regard to this request is denied."

**Public Citizen's Second FOIA Request**

9. On June 5, 2017, Public Citizen submitted a FOIA request to the Secret Service for copies of all visitor logs and other records documenting visitors to OMB, OSTP, ONDCP, and CEQ from April 16, 2017, through May 31, 2017. The request specified that the records it sought included "records from the Workers and Visitors Entry System (WAVES) and the Access Control Records System (ACR), as well as any other system used to track visitors to the White House Complex and/or above-listed agencies."

10. Public Citizen has not received a response to its June 5, 2017, request.

11. Under 5 U.S.C. § 552(a)(6)(A)(i), the Secret Service had 20 working days to respond to Public Citizen's June 5, 2017, request. More than 20 working days have passed since Public Citizen submitted the request, and the Secret Service has not responded.

**Public Citizen's Third FOIA Request (File Numbers 20171972–20171975)**

12. On July 17, 2017, Public Citizen submitted a FOIA request to the Secret Service for copies of all visitor logs and other records documenting visitors to OMB, OSTP, ONDCP, and CEQ from June 1, 2017, through July 15, 2017. The request specified that the records it sought included "records from the Workers and Visitors Entry System (WAVES) and the Access Control Records System (ACR), as well as any other system used to track visitors to the White House Complex and/or above-listed agencies."

13. By letter dated August 14, 2017, the Secret Service acknowledged receipt of Public Citizen's July 17, 2017, request.

14. Under 5 U.S.C. § 552(a)(6)(A)(i), the Secret Service had 20 working days to respond to Public Citizen's July 17, 2017, request. More than 20 working days have passed since Public Citizen submitted the request, and the Secret Service has not responded.

**Public Citizen's Fourth FOIA Request**

15. On September 5, 2017, Public Citizen submitted a FOIA request to the Secret Service for copies of all visitor logs and other records documenting visitors to OMB, OSTP, ONDCP, and CEQ from July 16, 2017, through August 31, 2017. The request specified that the records it sought included "records from the Workers and Visitors Entry System (WAVES) and the Access Control Records System (ACR), as well as any other system used to track visitors to the White House Complex and/or above-listed agencies."

**The Secret Service's Destruction of Records**

16. Public Citizen filed its original complaint in this case on August 17, 2017. That same day, it moved for a temporary restraining order and preliminary injunction requiring the Secret Service to maintain a copy of all visitor logs and other records documenting visitors to OMB, OSTP, ONDCP, and CEQ from January 20, 2017, going forward, until this lawsuit is resolved.

17. In a declaration filed in conjunction with the Secret Service's opposition to Public Citizen's motion, Robert P. Buster, Assistant Director of the Secret Service's Office of Protective Operations, stated that, since at least 2009, it has been the Secret Service's practice to transfer visitor log records to the White House Office of Records Management approximately every thirty days. *See* Dkt No. 11-2, ¶ 13. He further stated that it "is the intent of the Secret

Service that, once transferred, the [visitor log] records are to be erased from the computer system." *Id*. Moreover, he declared, visitor log "records older than 60 days are ordinarily purged daily as a type of 'auto-delete' on a rolling basis and overwritten on the servers." *Id*.

**FIRST CAUSE OF ACTION**
**(FOIA – Failure to Disclose Visitor Logs and Other Records)**

18. Public Citizen has exhausted all administrative remedies with respect to its April 19, 2017, June 5, 2017, and July 17, 2017, FOIA requests to the Secret Service for visitor logs and other records documenting visitors to OMB, OSTP, ONDCP, and CEQ.

19. Public Citizen has a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(A), to the records it requested in its April 19, 2017, June 5, 2017, and July 17, 2017, FOIA requests, and there is no legal basis for the Secret Service's failure to disclose them.

**SECOND CAUSE OF ACTION**
**(FOIA– Policy or Practice of Withholding Visitor Logs and Other Records)**

20. Public Citizen has submitted four FOIA requests to the Secret Service for copies of visitor logs and other records documenting visitors to OMB, OSTP, ONDCP, and CEQ, and it plans to continue regularly submitting FOIA requests to the Secret Service for copies of visitor logs and other records documenting visitors to OMB, OSTP, ONDCP, and CEQ.

21. Public Citizen has a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(A), to the release of visitor logs and other records documenting visitors to OMB, OSTP, ONDCP, and CEQ in response to its FOIA requests for such records.

22. The Secret Service's May 24, 2017, response to Public Citizen's April 19, 2017, FOIA request, and its July 10, 2017, denial of Public Citizen's appeal, demonstrate a policy or practice of withholding copies of visitor logs and other records documenting visitors to OMB, OSTP, ONDCP, and CEQ.

23. The Secret Service's policy or practice of withholding copies of visitor logs and other records documenting visitors to OMB, OSTP, ONDCP, and CEQ is further demonstrated by Defendant's Amended Opposition to Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, Dkt. No. 11, in which the Secret Service claims that it lacks the ability to process requests for visitor logs and other records documenting visitors to OMB, OSTP, ONDCP, and CEQ, thereby indicating the agency's intent to continue not processing such requests.

24. The Secret Service's policy or practice of withholding visitor logs and other records documenting visitors to OMB, OSTP, ONDCP, and CEQ results in repeated violations of FOIA and constitutes an ongoing failure to abide by the statute.

25. Public Citizen has been and will continue to be harmed by the Secret Service's unlawful policy and practice because it impairs Public Citizen's right to access visitor logs and other records documenting visitors to OMB, OSTP, ONDCP, and CEQ.

**THIRD CAUSE OF ACTION**
**(APA – Policy or Practice of Withholding Visitor Logs and Other Records)**

26. The Secret Service's policy or practice of withholding visitor logs and other records documenting visitors to OMB, OSTP, ONDCP, and CEQ constitutes agency action that is arbitrary and capricious and not in accordance with law, 5 U.S.C. § 706.

**FOURTH CAUSE OF ACTION**
**(APA – Policy or Practice of Destroying Visitor Logs)**

27. Visitor logs documenting visitors to OMB, OSTP, ONDCP, and CEQ are records within the meaning of the FRA, 44 U.S.C. § 3301(a).

28. Under the FRA, the head of each federal agency must send to the Archivist of the United States (1) lists of records in the agency's custody that, as a consequence of having been

photographed, microphotographed, or digitized, "do not appear to have sufficient value to warrant their further preservation by the Government"; (2) lists of records in the agency's custody that are not needed by the agency "in the transaction of its current business and that do not appear to have sufficient administrative, legal, research, or other value to warrant their further preservation by the Government"; and (3) schedules proposing the disposal, after a specified period of time, of specific types of records that will not, after the lapse of that specified period, "have sufficient administrative, legal, research, or other value to warrant their further preservation by the Government." *Id*. § 3303. If, upon examining the lists and schedules, the Archivist determines that any of the records listed "do not, or will not after the lapse of the period specified, have sufficient administrative, legal, research, or other value to warrant their continued preservation by the Government," the Archivist may, after notice and the opportunity to comment, "empower the agency to dispose of those records." *Id*. § 3303a.

29. Federal records may not be "alienated or destroyed" except as permitted by the FRA's disposal provisions. *Id*. § 3314.

30. No Archivist-approved disposition schedule permits the Secret Service to erase visitor logs documenting visits to OMB, OSTP, ONDCP, and CEQ after transferring copies to the White House Office of Records Management approximately every thirty days or to purge such records from the Secret Service's servers after sixty days.

31. In *Citizens for Responsibility & Ethics in Washington v. DHS*, 592 F. Supp. 2d 111, 124-25 (D.D.C. 2009), this Court held that DHS's practice of deleting visitor logs from the agency's records systems after transferring the records to the White House was contrary to the FRA.

32. The Secret Service's policy or practice of erasing visitor log records documenting visits to OMB, OSTP, ONDCP, and CEQ approximately every thirty days and purging the records from the Secret Service's servers after sixty days is arbitrary, capricious, and contrary to law, 5 U.S.C. § 706.

33. Public Citizen has been and will continue to be harmed by the Secret Service's unlawful policy or practice of erasing and purging visitor log records documenting visits to OMB, OSTP, ONDCP, and CEQ, which impairs Public Citizen's access to such records through FOIA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

(1) Declare that the Secret Service's withholding of the records requested in Public Citizen's April 19, 2017, June 5, 2017, and July 17, 2017, FOIA requests is unlawful;

(2) Order the Secret Service to make the requested records available to Plaintiff;

(3) Declare that the Secret Service's policy or practice of withholding visitor logs and other records documenting visitors to OMB, OSTP, ONDCP, and CEQ is unlawful;

(4) Enjoin the Secret Service from withholding visitor logs and other records documenting visitors to OMB, OSTP, ONDCP, and CEQ in response to Plaintiff's pending and future FOIA requests seeking such records.

(5) Declare that the Secret Service's policy or practice of erasing visitor log records documenting visits to OMB, OSTP, ONDCP, and CEQ approximately every thirty days and purging the records from its servers after sixty days is unlawful;

(6) Award Plaintiff its costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E) and the Equal Access to Justice Act, 28 U.S.C. § 2412, as applicable; and

(7) Grant such other and further relief as this Court may deem just and proper.

Dated: September 6, 2017

Respectfully submitted,

/s/ Adina H. Rosenbaum
Adina H. Rosenbaum
(D.C. Bar No. 490928)
Patrick D. Llewellyn
(D.C. Bar No. 1033296)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Plaintiff*